**IT IS ORDERED as set forth below:**



**Date: October 13, 2017**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-56050-WLH |
| | ) | |
| JOAN F. MURPHY, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | CHIEF JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| JORDAN E. LUBIN, Chapter 7 Trustee for the Estate of Joan F. Murphy, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 16-5269 |
| | ) | |
| RAY MURPHY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Motion for Summary Judgment in this adversary proceeding to avoid an unrecorded security deed came before the Court for review. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

1

**UNDISPUTED FACTS**

The Plaintiff filed this Motion for Summary Judgment on July 28, 2017 and included therein a Statement of Undisputed Facts. The defendant Ray Murphy ("Defendant") did not respond to the Motion for Summary Judgment or dispute the Statement of Undisputed Facts and has therefore admitted the facts identified therein. BLR 7056-1(a)(2).

Joan F. Murphy (the "Debtor") filed a Chapter 7 petition under the United States Bankruptcy Code on April 3, 2015 ("Petition Date"). Jordan Lubin ("Plaintiff" or "Trustee") was appointed the Trustee in the case. On June 1, 2006, the Debtor executed a deed to secure debt ("Security Deed") in favor of Ray Murphy conveying an interest in the property located at 6081 Cedar Mountain Road, Douglasville, Georgia (the "Property") to secure a debt in the amount of $125,000. As of the Petition Date, the Debtor owned the Property, but the Security Deed was not recorded in the real property records of Douglas County, Georgia. Defendant instead recorded the Security Deed in the real estate records of Douglas County on November 14, 2016, after the Petition Date.

In the Complaint, the Trustee seeks to avoid the transfer that occurred by virtue of the execution of the Security Deed under 11 U.S.C. § 544(a)(3) and to preserve the avoided transfer for the benefit of the bankruptcy estate under 11 U.S.C. § 551. The Trustee also seeks to require the Defendant to turnover, deliver and transfer his interest in the Property or the value of it to the Trustee under 11 U.S.C. § 550. Defendant filed an answer with defenses on November 18, 2016, but as stated above, has not responded to the Plaintiff's Motion for Summary Judgment.

**LEGAL ANALYSIS**

*Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment has "the initial responsibility of informing the … court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (*citing* Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553). What is required of the moving party, however, varies depending on whether the moving party has the ultimate burden of proof on the issue at trial.

> When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material negating the opponent's claim' (cites omitted) in order to discharge this 'initial responsibility'. Instead, the moving party simply may 'show – that is, point out to the … court – that there is an absence of evidence to support the nonmoving party's case. (cites omitted). Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial.

Four Parcels of Real Prop., 941 F.2d at 1437-38 (*citing* Celotex, 477 U.S. at 323-31, 106 S.Ct. at 2553-57).

Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. See Fed. R. Civ. P. 56(e). Rather, the nonmoving party must

3

present specific facts that demonstrate there is a genuine dispute over material facts. Hairston, 9 F.3d at 918. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Id.

*Avoiding the Transfer*

The Trustee argues the Security Deed is avoidable under 11 U.S.C. § 544(a)(3), which provides as follows:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – … (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfers to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Since the Trustee holds the rights of a bona fide purchaser as of the Petition Date, the Court must determine the rights of a bona fide purchaser under Georgia law.

Under Georgia law, "a bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice." Montgomery v. Barrow, 286 Ga. 896, 897 (2010) (citing Farris v. Nationsbanc Mtg. Corp., 268 Ga. 769, 771 (1997)). As to notice, "any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed. And a younger deed, taken with such notice, acquires no preference by being recorded in due time." Id., citing Price v. Watts, 223 Ga. 805, 806 (1967). Further, "notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led." R.W. Holdco, Inc. v. SCI/RW Holdco, Inc., 250 Ga. App. 414, 415 (2001) (citing O.C.G.A. § 23-1-17). Georgia courts have described further, "[O]ne claiming title

4

to lands is chargeable with notice of every matter which appears in his deed, and of any matters which appear on the face of any deed, decree or other instrument forming an essential link in the chain of instruments through which he deraigns title, and of whatever matters he would have learned by any inquiry which the recitals of those instruments made it his duty to pursue." Henson v. Bridges, 218 Ga. 6, 9 (1962); see also Virginia Highland Civic Assoc., Inc. v. Paces Properties, Inc., 250 Ga. App. 72 (2001) (agreement not recorded within the property's chain of title does not provide inquiry notice to bona fide purchaser).

Under Section 544, the Trustee is a bona fide purchaser on the Petition Date. On that date, anyone who checked the Debtor's title in the Property would have found the Debtor holding title to the Property with no evidence of any encumbrance by the Defendant. Under Georgia law, "every unrecorded voluntary deed or conveyance of land made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary deed or conveyance." O.C.G.A. § 44-2-3. It is undisputed there was no actual or constructive notice to the Trustee of the transfer of the Security Deed to the Defendant and thus it is appropriate for the Trustee to avoid that transfer pursuant to 11 U.S.C. § 544(a)(3). See In re Simpson, 544 B.R. 913, 918 (Bankr. N.D. Ga. 2016). Under 11 U.S.C. § 551, any transfer avoided under Section 544 "is preserved for the benefit of the estate". The avoided transfer of the Security Deed to the Defendant is therefore preserved for the benefit of the estate. Plaintiff's Motion for Summary Judgment as to Count I and Count III of the Amended Complaint are therefore granted.[1]

Plaintiff next asks the Court to adjudicate that the post-petition recordation of the Security Deed is void and without effect as to the Debtor or her Property. This request for relief

---

[1] It is not clear Plaintiff sought summary judgment on Count II seeking turnover of the Property as it is not listed in the *ad damnum* clause of the Motion or Brief. It is also not clear what property the Defendant should turnover. The Court therefore does not address Count II of the Complaint.

was not included in the Complaint or the Amended Complaint, and it is improper to raise it for the first time at the summary judgment stage. Instead, "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)". Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). See also Hurlbert v. St. Mary's Healthcare Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006). While leave to amend can be freely given, the Court does not have before it any request by the Plaintiff to amend the Complaint to seek relief regarding the post-petition recordation of the Security Deed. Plaintiff's Motion for Summary Judgment is denied to the extent it requests adjudication of this issue.

It is therefore ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED as to Counts I and III of the Complaint but is DENIED as to Plaintiff's request that the post-petition recordation of the Security Deed be deemed void and without effect.

### ### END OF ORDER ###

### DISTRIBUTION LIST

Jordan E. Lubin,
*Chapter 7 Trustee*
*for the Estate of Joan F. Murphy*
8325 Dunwoody Place, Building 2
Atlanta, GA 30350-3307

Arthur H. Marateck
Arthur H Marateck PC
241 Lemon Street, Suite A
Marietta, GA 30060

Gregory D. Ellis
Lamberth, Cifelli, Ellis & Nason, P.A.
1117 Perimeter Center West, Suite W212
Atlanta, GA 30338

Joan F Murphy
6081 Cedar Mountain Road
Douglasville, GA 30134